UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Douglas Molinar and Brenda Molinar,

    Plaintiffs,

v.                                    Case No. 20-12780

MTD Products, Inc.,                  Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

**OPINION AND ORDER
GRANTING IN PART, AND DENYING IN PART,
DEFENDANT'S SUMMARY JUDGMENT MOTION**

        Plaintiffs, a married couple, filed this suit alleging that Plaintiff Douglas Molinar was injured while using a snow thrower that was manufactured by Defendant. This case is in federal court based upon diversity jurisdiction. The matter is currently before the Court on Defendant's Motion for Summary Judgment. In it, Defendant contends that Ohio law applies to Plaintiffs' common-law causes of action in this case, and that those claims are untimely under Ohio's statute of repose. Defendant also argues that Plaintiffs' claim under the Michigan Consumer Protection Act is untimely. The parties have briefed the issues and the Court heard oral argument on July 8, 2020.

        As explained below, before addressing Defendant's primary argument, that Plaintiff's common-law claims are untimely under Ohio's statute of repose, the Court must conduct a choice-of-law analysis and decide if Michigan or Ohio's law applies to those claims. Having done so, this Court concludes that Michigan, not Ohio, law applies under a balancing of the states' respective interests. That is because Ohio's interest does not outweigh Michigan's

competing interest in protecting its residents from injury and providing just compensation to its citizens. Thus, the portion of Defendant's motion that seeks summary judgment in Defendant's favor as to Counts I through IV, and Count VI, shall be denied.

As to Defendant's challenge to Plaintiffs' Count V, brought under Michigan's Consumer Protection Act, however, this Court shall dismiss that count as untimely because this action was brought more than six years after the alleged omission by Defendant.

## BACKGROUND

Plaintiffs Douglas and Brenda Molinar filed suit against Defendant MTD Products, Inc. in state court. Defendant removed the matter to this Court, based upon diversity jurisdiction.

Plaintiffs' Second Amended Complaint (ECF No. 10), filed on January 14, 2021, is the operative complaint in this case and it includes the following six counts: 1) "Negligence and Gross Negligence" (Count I); 2) "Strict Products Liability" (Count II); 3) "Breach of Express Warranty" (Count III); 4) "Breach of Implied Warranty of Merchantability" (Count IV); 5) "Violation of Michigan Consumer Protection Act" (Count V); and 6) "Loss of Consortium" (Count VI).

On March 4, 2021, Defendant filed a "Motion for Summary Judgment Based on Statute of Repose." (ECF No. 18). In support of its summary judgment motion, Defendant submitted an Affidavit of Daniel J. Martens, Defendant's Vice President of Product Safety & Compliance. Plaintiffs filed a response to the motion on March 25, 2021. (ECF No. 22). Defendant filed a reply brief on April 7, 2021. (ECF No. 24). Thus, the motion has been fully briefed.

This Court's practice guidelines are included in the Scheduling Order and provide, consistent with Fed. R. Civ. P. 56 (c) and (e), that:

> a. The moving party's papers shall include a separate document entitled Statement of Material Facts Not in Dispute. The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. . .
>
> b. In response, the opposing party shall file a separate document entitled Counter-Statement of Disputed Facts. The counter-statement shall list in separately numbered paragraphs following the order or the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record. The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.
>
> c. All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

(Scheduling Order at 2-3).

Defendant complied with the Court's practice guidelines for summary judgment motions such that its motion includes a "Statement of Material Facts Not In Dispute" ("Def.'s Stmt.") (ECF No. 19) and Plaintiffs included a "Counter-Statement of Disputed Facts" (Pls.' Stmt.") (ECF No. 22-1).

The relevant evidence submitted by the parties, and the relevant facts agreed to on the record, are set forth below.

Plaintiffs Douglas and Brenda Molinar, a married couple, live in Macomb County, Michigan. (Def.'s & Pls.' Stmts. at ¶ 1).

Defendant MTD Products, Inc. was incorporated in Delaware. (Martens Affidavit at ¶ 5). Defendant has its main headquarters and it principal place of business in Ohio. Defendant employs 2,239 employees throughout Ohio. (*Id.*). Defendant has manufacturing, warehouse, and distribution facilities located in Ohio, Kentucky, Tennessee, Mississippi, and several foreign countries. It does not have any facilities in Michigan. (*Id*. at ¶ 4).

In August of 2005, Plaintiffs purchased the snow thrower at issue in this case. (Pls.' Sec. Am. Compl. at ¶ 4; Def.'s & Pls.' Stmts. at ¶ 3). Plaintiffs purchased the snow thrower in Michigan and used it exclusively in Michigan. (7/8/21 Hrg. Tr.).

Plaintiffs allege that Defendant knew that the snow thrower was dangerous before Plaintiffs purchased it in 2005. They allege in the alternative that Defendant knew of the alleged defects "after the sale to Plaintiff[.]" (*Id*. at ¶ 4). Plaintiffs' Complaint "cites a 2006 recall from the United States Consumer Product Safety Commission about which MTD Products allegedly failed to notify consumers." (*Id.*).

The alleged accident with the snow thrower occurred in April of 2020. (*Id.* at ¶ 5). Defendant agrees that, to the extent that an accident occurred with the snow thrower, it occurred in Michigan. (7/8/21 Hrg. Tr.). It is undisputed that any medical care received by Plaintiff as a result of the alleged accident was provided in Michigan. (*Id.*).

## STANDARD OF DECISION

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" for the purposes of summary judgment if proof of that fact would have the effect or establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover, Co.* 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material facts is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

4

ANALYSIS

Defendant's Summary Judgment Motion presents two issues: 1) whether Plaintiffs' common-law claims are barred under Ohio's Statute of Repose; and 2) whether Plaintiffs' claim under the Michigan Consumer Protection Act (Count V) is barred under its statute of limitations.

**I.     Are Plaintiffs' Common-Law Claims Barred By Ohio's Statute Of Repose?**

Defendant's motion argues that Plaintiffs' common-law claims (all counts except Count V) are untimely under Ohio's statute of repose.[1]  Defendant acknowledges, however, that the parties likely disagree as to whether Ohio or Michigan law applies to these claims.  As such, the Court must first determine which state's law applies to these claims.

A federal court exercising diversity jurisdiction applies the choice-of-law rules of the state in which it sits.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

"In tort cases, Michigan courts use a choice-of-law analysis called 'interest analysis' to determine which state's law governs a suit where more than one state's law may be implicated." *Hall v. General Motors, Corp.*, 229 Mich.App. 580, 582 N.W.2d 866, 868 (1988) (citing *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 278-86, 569 N.W.2d 466 (1977)); *see also Yarber v. M.J. Electric, LLC*, 824 F. App'x 407, 410 (6th Cir. 2020) ("In tort litigation, 'Michigan courts recognize a presumption in favor of *lex fori* [ie., the law of the forum] and apply Michigan law 'unless a rational reason to do otherwise exits.'").

The parties agree that Michigan courts apply *Sutherland's* two-step test for determining

---

[1] Defendant's motion does not assert that the common-law claims are untimely under Michigan law.

5

whether there is a rational reason to displace Michigan law:

> First, [courts] must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, [courts] must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests.

*Sutherland*, 562 N.W.2d at 471.

The first step of *Sutherland's* choice-of-law analysis requires the Court to determine whether Ohio has an interest in having Ohio law apply to the claims in this case. Here, Plaintiffs do not dispute that Ohio has at least some interest in having its law apply. (*See* Pls.' Br. at 7, arguing Ohio's interest is minimal). And even if Plaintiffs did not so agree, the Court would find that Ohio has an interest in having its statute of repose apply to the claims in this case, given that Defendant has its principal place of business in Ohio. *See, e.g., Farrell v. Ford Motor Co.*, 199 Mich.App. 81, 501 N.W.2d 567 (1993) (finding that North Carolina had an interest in applying its statute of repose to the defendant company that did substantial business in the state).

Because Ohio has some interest in having its laws apply, the Court proceeds "to *Sutherland's* second step, which requires [the Court] to *compare the states' interests*. *Yarber, supra*, at 411 (emphasis added). "Although this balancing approach most frequently favors using the forum's (Michigan's) law, Michigan courts nonetheless use another state's law where the other state has a significant interest and Michigan has only a minimal interest in the matter." *Hall, supra*, at 868; *see also Williams v. Toys "R" Us*, 138 F. App'x 798, 803 (6th Cir. 2005) ("Under this standard, Michigan courts will 'use another state's law where the other state has a significant interest and Michigan has only a minimal interest.'"); *Wells Fargo Advantage Nat.*

*Tax Fee Fund v. Helicon Assocs., Inc.*, 520 F. App'x 367, 373 (6th Cir. 2013) (same).

Defendant acknowledges that Michigan "has at least some interest in applying its law to a Michigan resident." (Def.'s Br. at 8). But Defendant characterizes Michigan's interest as weak, and asserts that it has a superior interest. In support of its position, Defendant notes that its principal place of business is in Ohio, where it employs over two thousand employees. Defendant also notes that the "Ohio Legislature enacted a statute of repose that protects companies from stale product-liability claims. Specifically, Ohio Rev. Code Ann. § 2305.10 states that product-liability claims cannot accrue more than ten years after the products' initial sale." (Def.'s Br. at 1). It argues that Michigan has only a weak or minor interest in this case because the "Michigan legislature enacted a statute that makes is significantly more difficult for plaintiffs to establish a product-liability claim once a product has been in sue for more than ten years. See Mich. Comp. Laws Ann. § 600.5805(1). Moreover, although it enacted a statute ensure that Michigan plaintiffs are subject to Michigan's statute of limitations, the Michigan Legislature did not enact a similar rule for statutes of repose. So Michigan has a weak interest in product-liability claims after a product has been in use for ten years, and it has no interest in avoiding foreign statutes of repose." (Def.'s Br. at 1-2). Defendant claims that Ohio's interests outweigh Michigan's interests and, therefore, the Court should apply Ohio's statute of repose and rule that Plaintiffs' common-law claims are untimely.

Plaintiffs appear to agree that their common-law claims would be time-barred under Ohio's statute of repose – *if* the Court were to rule that Ohio law should be applied to their claims. Plaintiffs contend, however, that Michigan law applies to their claims.

In *Alley v. MTD Products, Inc.*, 811 F. App'x 772 (3rd Cir. 2020), the Third Circuit

7

affirmed the district court's rejection of Defendant's argument that Ohio's law should be applied to common-law product liability claims asserted against it after a snow thrower injured a plaintiff in Pennsylvania. Although the court did not apply Michigan's interest analysis, it engaged in a very similar balancing-approach to determine whether Ohio or Pennsylvania law should apply. *Id*. at 773 (explaining that choice-of-law rules to be applied required evaluating the parties' contacts, "with the aim of determining which state has the most significant contacts or relationships with the incident as well as the greatest governmental interest in seeing its laws enforced.").

The Third Circuit noted that some factors weighed in favor of applying Ohio law, explaining:

> Certainly MTD has identified contacts that weigh in favor of applying Ohio's law: Specifically, MTD is headquartered and has its principal place of business in Ohio; its product quality, safety, and testing departments as well as some of its manufacturing, ware-house, and distribution facilities are also located in Ohio; and, it employs 100 engineers in Ohio. Further, the snow thrower in question was designed, engineered, and tested in Ohio, not in Pennsylvania.

*Id*. at 773-74.

The Third Circuit noted, on the other, that the "situs of the accident in Pennsylvania was not happenstance: [the plaintiff] lives in Pennsylvania, purchased the snow thrower in Pennsylvania from a third-party retailer selected by MTD, only ever used it in Pennsylvania, was injured by it in Pennsylvania, and was treated for that injury in Pennsylvania." *Id*. at 774. The Third Circuit noted that Defendant argued that Ohio's codification of its public policy rationales for its statute of repose weighed in favor of Ohio law, but found that argument unpersuasive. *Id.* at 774.

The court affirmed the district court's ruling that Pennsylvania law applied, explaining that the plaintiff, "as a Pennsylvania resident who purchased and used the product in Pennsylvania, had a justifiable expectation that Pennsylvania law would apply" and, [b]y contrast, MTD as a manufacturer of a nationally marketed product, could not expect Ohio law to apply everywhere." *Id*. at 775.

Similarly, in this case, Plaintiffs bought the snow thrower in Michigan, used it exclusively in Michigan, the alleged accident occurred here, and all medical treatment occurred in Michigan. Looking at the evidence pertaining to the relevant facts in this case, this Court finds that Michigan, not Ohio, law applies under a balancing of the states' respective interests. That is because Ohio's interest does not outweigh Michigan's competing interest in protecting its residents from injury and providing just compensation to its citizens. Accordingly, the Court denies Defendant's request for summary judgment in its favor as to Counts I through IV and Count VI.

## II. Is Count V Barred By The Michigan Consumer Protection Act's Statute of Limitations?

In Count V of Plaintiffs' Complaint, Plaintiffs assert a claim under Michigan's Consumer Protection Act. This count alleges that "Defendant knew or reasonably should have known that the subject model snow blower was defective prior to the sale to Plaintiff" or, alternatively, "Defendant came into knowledge of the defects and dangers posed by the foreseeable use of the subject snowblower after the sale to Plaintiff, yet did nothing to warn Plaintiff of the known dangers." (Sec. Am. Compl. at 8). They cite a 2006 recall from the United States Consumer Product Safety Commission about which Defendant is alleged to have failed to notify customers about. They further allege that the purchase was a consumer transaction and that "Defendants

concealed and/or failed to inform Plaintiff that the subject snow blower was defective." (*Id*.). Plaintiffs allege that "[s]uch concealment and/or failure to inform constitutes an unfair, unconscionable, or deceptive act or practice within the meaning of the Michigan Consumer Protection Act, MCL §455.901 et seq." (*Id*. at 8).

Defendant's summary judgment motion asserts that Count V should be dismissed as untimely. (Def.'s Br. at 16-17).

As Defendant notes, Michigan's Consumer Protection Act provides, in pertinent part, that an "action brought under this section must not be brought more than 6 years after the occurrence of the method, act, or practice that is the subject of the action . . ." Mich. Comp. Laws § 445.911(9).

Defendant argues that Count V is untimely because Plaintiffs filed this action more than six years after Defendant's alleged omission:

> According to the Molinars' complaint, the "method, act, or practice" at issue is MTD Products' failure to notify the Molinars that the snow thrower was dangerous before they purchased it in 2005 or after the 2006 recall. (Statement of Material Facts, ¶4). Given the six-year statute of limitations, the Molinars had to raise these claims by 2011 or 2012. Mich. Comp. Laws Ann. § 445.911. They filed this complaint in 2020 – over eight years too late. Regardless of whether the Court applies the Ohio statute of repose, it should dismiss the Molinar's Michigan Consumer Protection Act claim as untimely as in *Laura*.

(Def.'s Br. at 17).

In response to this challenge, Plaintiffs attempt to create an issue of fact by directing the Court to a footnote in Defendant's brief, wherein Defendant disputes that it failed to notify consumers about the recall. Notably, however, that footnote explains *that* factual dispute has no bearing on this challenge. In other words, Defendant's challenge assumes for the sake of argument that Defendant failed to inform consumers about the recall.

10

Defendant's challenge is straightforward: Plaintiffs allege that Defendant violated the MCPA by virtue of not having informed them about the defect that was the subject of a recall. Thus, the alleged omission occurred either in 2005 (when Plaintiffs purchased the snow thrower without Defendant having informed them of a known defect) or 2006 (when, after the sale, Defendant failed to inform Plaintiffs of the recall). Either way, the claim is time-barred under the Michigan Consumer Protection Act's statute of limitations and Plaintiffs have offered no cogent reason to conclude otherwise. *See Laura v. DaimlerChrysler Corp.*, 269 Mich.App. 446, 711 N.W.2d 792 (2006) (Six-year statute of limitations applied to used car buyer's action under MCPA for manufacturer's allegedly fraudulent failure to disclose head gasket design flaw began running at time buyer entered into transaction to buy car, not when head gasket first failed, and thus buyer's action was untimely.); *Canfield v. FCA US LLC*, 2019 WL 133402 at * 6 (D. Del. 2019) (Noting that, under *Laura,* "[w]hen a MCPA claim is predicated on an alleged omission, the limitations period begins to run at the time of purchase, not when the product first fails.").

The Court shall grant Defendant's motion with respect to its challenge to Count V as untimely and shall dismiss that count.

**CONCLUSION & ORDER**

For the reasons set forth above, Defendant's summary judgment motion is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** to the extent that Count V is **DISMISSED** as untimely. The motion is **DENIED** in all other respects.

**IT IS SO ORDERED**.

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: July 9, 2021