UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Douglas Molinar and Brenda Molinar,

    Plaintiffs,

v.                                      Case No. 20-12780

MTD Products, Inc.,                  Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

## ORDER DENYING
## DEFENDANT'S MOTION TO RECONSIDER

Plaintiffs, a married couple, filed this suit alleging that Plaintiff Douglas Molinar was injured while using a snow thrower that was manufactured by Defendant. Plaintiffs' Second Amended Complaint (ECF No. 10) is the operative complaint in this case and it includes the following six counts: 1) "Negligence and Gross Negligence" (Count I); 2) "Strict Products Liability" (Count II); 3) "Breach of Express Warranty" (Count III); 4) "Breach of Implied Warranty of Merchantability" (Count IV); 5) "Violation of Michigan Consumer Protection Act" (Count V); and 6) "Loss of Consortium" (Count VI).

On March 4, 2021, Defendant filed a "Motion for Summary Judgment Based on Statute of Repose." (ECF No. 18).

In an Opinion and Order issued on July 9, 2021, this Court granted the motion in part and denied it in part. (ECF No. 26). In it, this Court explained that, "before addressing Defendant's primary argument, that Plaintiff's common-law claims are untimely under Ohio's statute of repose, the Court must conduct a choice-of-law analysis and decide if Michigan or Ohio's law

1

applies to those claims." (*Id*. at 1). After having conducted that choice-of-law analysis, this Court concluded that "Michigan, not Ohio, law applies under a balancing of the states' respective interests. That is because Ohio's interest does not outweigh Michigan's competing interest in protecting its residents from injury and providing just compensation to its citizens." (*Id*. at 1). Thus, the portion of Defendant's motion that sought summary judgment in Defendant's favor as to Counts I through IV, and Count VI, was denied. As to Defendant's challenge to Plaintiffs' Count V, brought under Michigan's Consumer Protection Act, however, this Court dismissed that count as untimely because this action was brought more than six years after the alleged omission by Defendant. (*Id*. at 2).

On July 21, 2021, Defendant filed a "Motion to Reconsider and Certify Question for Interlocutory Appeal." (ECF No. 27).

Local Rule 7.1(h) governs motions for reconsideration and provides that no response to a motion for reconsideration, and no oral argument on the motion, are allowed unless the district court orders otherwise. L.R. 7.1(h)(2). The rule further specifies the grounds for granting a motion for reconsideration:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3).

Despite its title, Defendant's motion does not actually ask this Court to reconsider any of the rulings it made in its summary judgment opinion. Rather, it presents an entirely new issue –

2

whether this Court should certify an interlocutory appeal in this case pursuant to 28 U.S.C. § 1292(b).

As such, this Court issued an order allowing Plaintiff to file a response to the motion. Plaintiff has since filed a brief in opposition to the motion. The matter is ripe for a decision by the Court and the Court concludes that a hearing is not warranted.

"Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

A "district court may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist:" 1) the "order involves a controlling question of law," 2)" as to which there is substantial ground for difference of opinion," and 3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017); 28 U.S.C. § 1292(b).

The second factor is whether "there is substantial ground for difference of opinion" in the question that defendant wants certified for appeal. Substantial ground for a difference of opinion on the issues raised by an interlocutory order exists where: 1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; 2) the question is difficult and of first impression; 3) a difference of opinion exists within the controlling circuit; or 4) the circuits are split on the question. *Newsome v. Young Supply Co.,* 873 F.Supp.2d 872, 876-77 (E.D. Mich. 2012) (citations omitted).

In this case, the underlying legal issue (this Court's choice-of-law determination) is not difficult, novel, or an issue of first impression. And this is not a situation wherein a difference of

3

opinion exists within the Sixth Circuit or there is a circuit split. As such, this Court concludes that this is not one of those relatively rare situations where an interlocutory appeal under § 1292(b) is warranted.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Reconsider is **DENIED.**

**IT IS SO ORDERED**.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: August 17, 2021